# JENKINS v STATE OF FLORIDA
## Case No. 89-19144
Thirteenth Judicial Circuit, Hillsborough County
January 2, 1991

## APPEARANCES OF COUNSEL

**Eileen O'Hara Garcia,** Assistant Public Defender, for appellant.
Office of the State Attorney, for appellee.

Before SUSAN C. BUCKLEW, Circuit Judge.

## OPINION OF THE COURT

Appellant, Reginald T. Jenkins, entered a nolo contendere plea specifically reserving his right to appeal the court's ruling on his

motion to suppress. The issue presented to the reviewing court is whether the driver's license check point at which the Appellant was stopped was unconstitutional. Appellant filed a brief. Appellee did not, even though an order extending the time to file a brief for thirty days was entered on April 16, 1990.

The Florida Supreme Court in *State v Jones,* 483 So.2d 433 (Fla. 1986) held that D.U.I. roadblocks are constitutional under certain circumstances. This court intends to use the balancing test suggested by the Florida Supreme Court in *Jones* in deciding whether the driver's license checkpoint in the instant case was constitutional. Specifically, the state has a compelling interest in protecting the public from drivers who drive without a license and this interest should be balanced against the intrusion on the public that a warrantless stop and seizure offers.

The Court in *Jones* suggested the following criteria be examined.

1. Was there a written set of uniform guidelines conveying in detail the procedure the field officers should follow?

In the instant case, there were no such guidelines, only the approval of the immediate supervisor. The check point was the idea of the field officers.

2. Was the procedure for stopping cars random?

In the instant case it was, every other car was stopped.

3. Did the police provide proper lighting and sufficient warning in the roadway in advance of the stop so as to reduce the threat of startling motorists?

In the instant case there was no evidence regarding lighting and there were no warnings in the roadway in advance.

4. Were there visible signs of authority such as police cars or police in uniforms?

In the instant case there were six marked vehicles and six officers in the roadway with flashlights.

5. What was the length of detention and degree of intrusion?

In the instant case, only a minimum—to allow these officers to check for a license.

This court is concerned about checkpoints in certain areas of town, such as Stratford at Avon, which are no more than a ruse to allow police officers to conduct warrantless stops to search for drugs. Here

31

there were no written guidelines nor a plan formulated in advance by law enforcement. Field officers simply decided to set up a checkpoint at night in a particular area of town ostensibly because "from previous experience in that area, we had stopped numerous vehicles where people had no drivers' licenses." Although the procedure for stopping cars was random and although the intrusion was minimal, this court finds the stop in the instant case to be an unconstitutional violation of the Appellant's Fourth Amendment right to be free from unreasonable searches and seizures.

The order of the lower court denying the motion to suppress is reversed and the case remanded for further proceedings in accordance with this opinion.

DONE and ORDERED in Hillsborough County, Florida, this 2nd day of January, 1991.